| | |
|---|---|
| | **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF CALIFORNIA** |
| JORGE RIVERA, CDCR #G–16129,<br>                             Plaintiff,<br>vs.<br>SAN DIEGO CENTRAL JAIL;<br>SAN DIEGO COUNTY SHERIFF;<br>JOHN & JANE DOES,<br>                            Defendants. | Case No.: 19-CV-1259 JLS (NLS)<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>(ECF No. 9) |

On July 8, 2019, Plaintiff Jorge Rivera, while incarcerated at the San Diego County Central Jail ("SDCCJ"),[1] filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the SDCCJ, the San Diego County Sheriff, and several unidentified SDCCJ officials interfered with his right to religious worship and denied him access to the courts, his medical devices, medical treatment, and clean drinking water. *See generally* ECF No. 1 ("Compl.").

/ / /

/ / /

---

[1] Rivera later filed a Notice of Change of Address and is now incarcerated at Mule Creek State Prison in Ione, California. *See* ECF No. 6.

## PROCEDURAL BACKGROUND

On January 28, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), conducted an initial screening of his Complaint, and dismissed the Complaint *sua sponte* for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See* ECF No. 8. The Court granted Plaintiff 45 days' leave in which to file an amended complaint addressing all the pleading deficiencies the Court identified. *Id.* at 11–12; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted)).

On March 2, 2020, approximately one week before his amended complaint was due, Plaintiff filed the instant Motion requesting an extension of time to file his amended complaint. *See* ECF No. 9 ("Mot.").

## ANALYSIS

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, a court may grant an extension of time for "good cause" where the moving party requests the extension before the applicable deadline expires. *Id.* Rule 6(b) must be "'liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010) (citing Fed. R. Civ. P. 1 "[The Federal Rules] should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."); *accord Turner v. Tierney*, 678 F. App'x 580, 581 (9th Cir. 2017). Further, "'[s]trict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

/ / /

Plaintiff claims he requires an "extensive extension" of time because he is "attempting to put together discovery motions," including a "summons to produce documents and interrogatories" in addition to his amended complaint. *See* Mot. at 1. He also asks that the Court provide him with a copy of his original Complaint. *Id.*

Plaintiff's request is timely, and he is still incarcerated and proceeding without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (noting that the court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements"). Construing his request in the light most favorable to him, the Court finds good cause to grant Plaintiff an extension of time within which to amend his complaint. *See Eldridge,* 832 F.2d at 1136. Plaintiff is reminded, however, that his amended complaint does not require any case citation or legal analysis. Instead, it must simply allege facts already known to him that plausibly entitle him to relief in light of the legal precedent already identified by the Court in its January 28, 2020 Order. *See Rosenblum v. Ellis*, No. 1:05-CV-01473-LJO-GSA-PC, 2010 WL 2471148, at *2 (E.D. Cal. June 10, 2010) (advising pro se prisoner that the "lack of access to the law library is not sufficient grounds for a motion for extension of time in which to file an amended complaint"); *id.* ("The amended complaint does not require legal analysis. Plaintiff must simply allege the facts that entitle him to relief, and state the legal cause of action for each claim.").

Further, while Rivera does need to identify the persons he seeks to sue by name in a § 1983 suit, *see* ECF No. 8 at 10–12; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"), discovery is otherwise premature because he must *first* file an amended complaint that states a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (noting that court "does not unlock the doors of discovery" if the plaintiff fails to "state a claim for relief that is plausible on its face" and is "armed with nothing more than conclusions"); *see also Stine v. Bureau of Prisons*, No. 2:18-CV-0684 KJN P, 2018 WL 2771332, at *9 (E.D. Cal. June 7, 2018) ("Once plaintiff has an operative complaint on file, and defendants have filed an answer, the court will issue a discovery and

3

scheduling order."); *Bettencourt v. Parker,* No. 1:16-CV-00150-DAD-BAM PC, 2016 WL 4137242, at *1 (E.D. Cal. Aug. 4) (denying prisoner's requests to begin discovery and set matter for trial as premature in light of court's duty to screen his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A), *report and recommendation adopted*, 2016 WL 4796313 (E.D. Cal. Sept. 13, 2016); *Johnson v. Maricopa Cty. Sheriff's Office,* No. CV 14-2519-PHXDGCMEA, 2015 WL 390837, at *5 (D. Ariz. Jan. 28, 2015) ("If Plaintiff files a first amended complaint, the Court will conduct statutory screening of the first amended complaint, order service of the first amended complaint, if appropriate, and issue a scheduling order setting discovery deadlines *after* Defendants have answered the complaint.").

Finally, while the Court is under no obligation to provide Plaintiff with free photocopies of his own pleadings, *see Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1990) (per curiam) (noting prisoners have no constitutional right to free photocopies), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 350–55 (1996), it will direct the Clerk of the Court to provide him with a copy of his original Complaint (ECF No. 1), so that he may review its deficiencies in conjunction with the Court's January 28, 2020 screening Order (ECF No. 8). *See Martines v. Klein,* No. 12-CV-1868-DMS-DHB, 2013 WL 4026758, at *1 (S.D. Cal. Aug. 6, 2013) (directing Clerk to provide pro se prisoner with a copy of his deficient complaint "for his use in amending").

## CONCLUSION

For the reasons discussed, the Court **GRANTS** Plaintiff's Motion for an Extension of Time to File His Amended Complaint (ECF No. 9) and **DIRECTS** the Clerk of the Court to provide him with a copy of his original Complaint (ECF No. 1).

Plaintiff **SHALL FILE** his amended complaint <u>on or before April 13, 2020</u>. The amended complaint must cure all the deficiencies of pleading noted in the Court's January 28, 2020 Order and must be complete by itself without reference to his original pleading. Any Defendants not named and any claim not re-alleged in Plaintiff's amended complaint will be considered waived.

Should Plaintiff fail to file an amended complaint <u>on or before April 13, 2020</u>, the Court **SHALL ENTER** a final Order dismissing the case based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and his failure to prosecute in compliance with a Court Order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: March 5, 2020

Hon. Janis L. Sammartino
United States District Judge