UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE RIVERA, CDCR #G–16129,<br><br>          Plaintiff,<br><br>vs.<br><br>SAN DIEGO CENTRAL JAIL;<br>SAN DIEGO COUNTY SHERIFF;<br>JOHN & JANE DOES,<br><br>          Defendants. | Case No.:  19-CV-1259 JLS (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S THIRD MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>(ECF No. 13) |

  On July 8, 2019, Plaintiff Jorge Rivera, while incarcerated at the San Diego County Central Jail ("SDCCJ"),[1] filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the SDCCJ, the San Diego County Sheriff, and several unidentified SDCCJ officials interfered with his right to religious worship and denied him access to the courts, medical devices, medical treatment, and clean drinking water.  *See generally* ECF No. 1 ("Compl.").

/ / /

/ / /

---

[1] Plaintiff later filed a Notice of Change of Address and is now incarcerated at Mule Creek State Prison in Ione, California.  *See* ECF No. 6.

## BACKGROUND

On January 28, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), conducted an initial screening of his Complaint, and dismissed the Complaint *sua sponte* for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See* ECF No. 8.  The Court granted Plaintiff 45 days' leave in which to file an amended complaint that addressed all the deficiencies of pleading the Court identified.  *Id.* at 11–12; *see also Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).

On March 2, 2020, approximately one week before his Amended Complaint was due, Plaintiff filed a motion requesting more time to amend.  *See* ECF No. 9.  On March 5, 2020, the Court granted Plaintiff's Motion and provided him a copy of his original complaint to review its deficiencies.  *See* ECF No. 10.  On April 10, 2020, Plaintiff filed another motion requesting an additional extension of time to file his Amended Complaint. *See* ECF No. 11.  On May 7, 2020, the Court granted Plaintiff's motion and provided him with a blank civil rights complaint form for his use and convenience.  *See* ECF No. 12.  On June 5, 2020, Plaintiff timely filed the instant Motion requesting a third extension of time to file his Amended Complaint.  *See* ECF No. 13 ("Mot.").

## ANALYSIS

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, the court may grant an extension of time for "good cause" if the moving party requests the extension before the applicable deadline expires.  *Id*.  Rule 6(b) must be "'liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1255 (9th Cir. 2010) (citing Fed. R. Civ. P. 1); *accord Turner v. Tierney*, 678 F. App'x 580, 581 (9th Cir. 2017).  Further, "'[s]trict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967));

*see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

Plaintiff claims he requires an additional extension of time because he is "a layman of law" and does not "have the titles of each individual [he] filed a complaint on." *See* Mot. at 1. Additionally, he claims he filed a request with SDCCJ to receive the names and titles of "other staff" he seeks to sue. *Id*. Plaintiff's newest request is once again timely, he remains incarcerated, and he still proceeds without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements"). Construing his allegations in the light most favorable to him, the Court finds good cause to grant Plaintiff a third and ***final*** extension of time in which to amend his pleading to attempt to sufficiently allege a § 1983 claim against those defendants he is able to identify. *See Eldridge*, 832 F.2d at 1136; *see also* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

The Court again reminds Plaintiff, however, that his Amended Complaint does not require any case citation or legal analysis of the Federal Rules. Instead, it must simply allege facts already known to him that plausibly entitle him to relief in light of the legal precedent identified for him in the Court's January 28, 2020 Order. *See Rosenblum v. Ellis*, No. 1:05-CV-01473-LJO-GSA-PC, 2010 WL 2471148, at *2 (E.D. Cal. June 10, 2010) (advising pro se prisoner that the "lack of access to the law library is not sufficient grounds for a motion for extension of time in which to file an amended complaint"); *id.* ("The amended complaint does not require legal analysis. Plaintiff must simply allege the facts that entitle him to relief, and state the legal cause of action for each claim.").

## CONCLUSION

For the reasons discussed, the Court **GRANTS** Plaintiff's Motion for an Extension of Time to file his Amended Complaint (ECF No. 13). Accordingly, Plaintiff **SHALL CAPTION** his pleading as his Amended Complaint and **SHALL FILE** it on or before

August 4, 2020. The Amended Complaint must cure all the deficiencies of pleading noted in the Court's January 28, 2020 Order and must be complete by itself without reference to his original pleading. Any Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.

Should Plaintiff fail to file an Amended Complaint on or before August 4, 2020, the Court **SHALL ENTER** a final Order dismissing the case based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."). Plaintiff should assume that, unless he can plausibly point to some other circumstances outside his control precluding his ability to timely amend, *no further extensions of time will be granted. See e.g., Serrato v. City of Long Beach*, No. CV 04-8634 ABC (AJW), 2009 WL 1212833, at *13 (C.D. Cal. Mar. 25, 2009) (dismissing pro se litigant's claims after plaintiff had "ample time" to discover identities of unnamed parties and had been granted three extensions of time in which file a "legally adequate amended complaint").

**IT IS SO ORDERED**.

Dated: June 24, 2020

Hon. Janis L. Sammartino
United States District Judge