UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE RIVERA, CDCR #G-16129,<br><br>                              Plaintiff,<br><br>vs.<br><br>SAN DIEGO CENTRAL JAIL;<br>SAN DIEGO COUNTY SHERIFF;<br>JOHN & JANE DOES,<br><br>                              Defendants. | Case No.: 19-CV-1259 JLS (NLS)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

On July 8, 2019, Plaintiff Jorge Rivera, while incarcerated at the San Diego County Central Jail ("SDCCJ"),[1] filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the SDCCJ, the San Diego County Sheriff, and several unidentified SDCCJ officials interfered with his right to religious worship and denied him access to the courts, medical devices, medical treatment, and clean drinking water. *See generally* ECF No. 1 ("Compl.").

/ / /

---

[1] Plaintiff subsequently filed a Notice of Change of Address indicating that he is now incarcerated at Mule Creek State Prison in Ione, California. *See* ECF No. 6.

On January 28, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), conducted its initial screening, and dismissed Plaintiff's Complaint *sua sponte* for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See generally* ECF No. 8. The Court granted Plaintiff 45 days' leave in which to file an amended complaint that addressed all the deficiencies of pleading the Court had identified. *See id.* at 11–12; *see also Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).

On March 2, 2020, approximately one week before his Amended Complaint was due, Plaintiff filed a motion requesting additional time to amend. *See generally* ECF No. 9. On March 5, 2020, the Court granted Plaintiff's motion and, at Plaintiff's request, provided him a copy of his original Complaint to review its deficiencies. *See generally* ECF No. 10.

On April 10, 2020, Plaintiff filed a second motion requesting an additional extension of time to file his Amended Complaint. *See* ECF No. 11. On May 7, 2020, the Court granted Plaintiff's motion and provided him with a blank civil rights complaint form for his use and convenience. *See generally* ECF No. 12.

Finally, on June 5, 2020, Plaintiff filed a third motion for extension of time. *See* ECF No. 13. On June 24, 2020, the Court granted that motion but explicitly warned Plaintiff that no further extensions of time would be granted. *See* ECF No. 14 at 4. Plaintiff's Amended Complaint was due on August 4, 2020. *Id.* at 3–4.

"If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005). More than two months have passed since the Court granted Plaintiff's last motion for extension of time, and more than three weeks have passed since his Amended Complaint was due. Plaintiff has failed to comply with the Court's several Orders, however, all of which have warned that his failure to

amend would result in the dismissal of his case. *See, e.g.*, ECF No. 8 at 12; ECF No. 10 at 5; ECF No. 12 at 4; ECF No. 14 at 4. Plaintiff first initiated this suit more than a year ago and has been granted a total of more than six months in which to amend. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004); *see also Serrato v. City of Long Beach*, No. CV 04-8634 ABC (AJW), 2009 WL 1212833, at *13 (C.D. Cal. Mar. 25, 2009) (dismissing pro se litigant's claims after plaintiff had "ample time" to discover identities of unnamed parties and had been granted three extensions of time in which file a "legally adequate amended complaint").

The Court therefore **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and his failure to amend as required by the Court's January 28, 2020 Order. Accordingly, the Court **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and to close the file. Finally, the Court **CERTIFIES** that an IFP appeal in this case would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: August 31, 2020

Hon. Janis L. Sammartino
United States District Judge